PEOPLE v DAVIS

Docket No. 177637. Submitted January 11, 1996, at Lansing. Decided March 22, 1996, at 9:10 A.M.

John L. Davis, Jr., was convicted by a jury in the Washtenaw Circuit Court, Donald E. Shelton, J., of assault with intent to inflict great bodily harm less than murder, felonious assault, and two counts of possession of a firearm during the commission of a felony. The defendant appealed.

The Court of Appeals *held:*

1. The trial court's questioning of the witnesses was appropriate. Its questions were relevant, and the court did not abandon its mantle of impartiality. The court's questioning did not deprive the defendant of a fair trial. A trial court is free to ask questions of witnesses that assist in the search for truth as long as the questions would be appropriate if asked by either party and do not give the appearance of partiality.

2. That sufficient evidence was presented at trial to enable the jury to find all the elements of the charged offenses of assault with intent to commit murder, felonious assault, and two counts of felony-firearm had been established beyond a reasonable doubt. The trial court did not err in denying the defendant's motion for a directed verdict.

3. The trial court did not err in refusing to give a jury instruction requested by the defendant that the defendant had no duty to retreat in his own home. Because no evidence indicated that the defendant resided in any meaningful way in the house in which the offenses occurred at the time of the offenses, the evidence did not support the requested instruction.

4. The trial court did not err in limiting the involvement of the defendant's advisory counsel in the proceedings following the defendant's choice to represent himself.

5. The trial court did not abuse its discretion in refusing the jury's request to review a transcript of the preliminary examination testimony of a complainant where the testimony had not been admitted into evidence at the trial.

Affirmed.

1. TRIAL — WITNESSES — QUESTIONS BY TRIAL COURT.

A trial court may interrogate witnesses, whether called by itself or by a party; a trial court is free to ask questions of witnesses that assist in the search for truth as long as the questions would be appropriate if asked by either party and do not give the appearance of partiality; when the court's questions cross the line of judicial impartiality, the Court of Appeals applies a harmless-error test (MRE 614[b]).

2. CRIMINAL LAW — JURY INSTRUCTIONS — DEFENDANT'S DUTY TO RETREAT.

A trial court properly may refuse a defendant's request for a jury instruction that the defendant had no duty to retreat in a house in which the defendant assaulted others where there is no evidence that the defendant resided in the house in any meaningful way at the time of the assaults; the determinative factor in cases involving the "no retreat" rule is not property ownership but, rather, the location where the person resides.

3. APPEAL — PRESERVING ISSUES.

A defendant who claims to have waived the right to trial counsel with the understanding that advisory counsel would be permitted to assist the defendant and subsequently claims that the trial court prevented advisory counsel from assisting the defendant fails to preserve the issue for appellate review where the defendant neither raises an objection during the trial that the court was preventing the advisory counsel from assisting the defendant nor provides the reviewing court a transcript indicating that the defendant decided to waive trial counsel with the assurance that the assistance of advisory counsel would be permitted.

4. TRIAL — EVIDENCE — REREADING TESTIMONY TO JURY.

The rereading of testimony and the extent of the rereading in response to a deliberating jury's request to have testimony reread are within the discretion of the trial court; the court's decision is reviewed on appeal for an abuse of discretion; a trial court may not provide the jury evidence that was not admitted at the trial.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Brian L. Mackie*, Prosecuting Attor ney, and *David A. King*, Senior Assistant Prosecuting Attorney, for the people.

*Christoph & Newman, P.C.* (by *David Newman*), for the defendant on appeal.

Before: MARKMAN, P.J., and MURPHY and HOEKSTRA, JJ.

MARKMAN, P.J. Defendant, aged sixty at the time, assaulted his former girlfriend (Eula Woods) and her boyfriend (Leonard Casey) at the house defendant previously shared with Woods. Defendant appeals as of right his convictions by a jury of assault with intent to inflict great bodily harm less than murder, MCL 750.84; MSA 28.279, felonious assault, MCL 750.82; MSA 28.277, and two counts of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). We affirm.

Defendant first contends that the trial court prejudiced his defense by improperly questioning witnesses. With respect to the assault on Casey, defendant's theory was self-defense—that he thought Casey was an intruder, that he used a gun he stored at the house to protect himself, and that he had no duty to retreat in his own home. Defendant claims that the court's questioning of witnesses undermined his contentions that he resided at the house where the assaults occurred and that he stored a pistol there for his protection.

MRE 614(b) provides that a court "may interrogate witnesses, whether called by itself or by a party." In *United States v Dandy*, 998 F2d 1344, 1354 (CA 6, 1993), the court considered the federal analogue to this rule and stated that a trial court should conduct a trial " 'with a view to eliciting the truth and to attaining justice between the parties.' " (Citation omitted.) The *Dandy* court noted three situations in which a trial court has good reason to interject itself into the trial: (1) when the trial is lengthy and complex, (2) when attorneys are unprepared or obstreperous or if

the facts become confused and neither side is able to resolve the confusion, and (3) when a witness is difficult or is not credible and the attorney fails to adequately probe the witness or if a witness becomes confused. *Id.* In addition, we note that there might be situations in which attorneys for both sides avoid asking a witness a material question on the (traditional in some quarters) ground that counsel never asks a question without first knowing the answer. In these and other appropriate instances, the court may have good reason to question a witness in order to enhance the role of the criminal trial as a search for substantive truth.

The principal limitation on a court's discretion over matters of trial conduct is that its actions not pierce the veil of judicial impartiality. *People v Burgess,* 153 Mich App 715, 719; 396 NW2d 814 (1986). In determining that the court's questioning of witnesses did not deprive the defendant of a fair trial, the *Dandy* court emphasized that the questions were posed in a neutral manner and that the trial court's comments and questions neither added to nor distorted the evidence. *Dandy, supra* at 1354-1355. In *People v Conyers,* 194 Mich App 395, 404; 487 NW2d 787 (1992), this Court found that a trial court's excessive interference in the examination of witnesses and disparaging remarks directed at the defendant's counsel demonstrated partisanship that denied the defendant a fair trial. The *Conyers* Court stated at 404-405:

> The trial court may question witnesses in order to clarify testimony or elicit additional relevant information. However, the trial court must exercise caution and restraint to ensure that its questions are not intimidating, argumentative, prejudicial, unfair, or partial. The test is whether the

"judge's questions and comments '*may* well have unjustifi-
ably aroused suspicion in the mind of the jury' as to a wit-
ness' credibility, . . . and whether partiality 'quite *possibly
could* have influenced the jury to the detriment of defend-
ant's case.'" [Citations omitted.]

"A trial court may not assume the prosecutor's role
with advantages unavailable to the prosecution." *Peo-
ple v Weathersby*, 204 Mich App 98, 109; 514 NW2d
493 (1994). The *Dandy* court noted that the fact that
testimony elicited by a court's questions damaged a
defendant's case did not demonstrate that the court
had improperly assumed the role of surrogate prose-
cutor. *Dandy*, *supra* at 1354.[1] When questions cross
the line of judicial impartiality, this Court applies the
harmless-error test. *Weathersby*, *supra* at 110.

Here, the trial court questioned several witnesses
regarding whether defendant lived at the house where
the assault occurred and whether he stored a gun in
the house. Some of this questioning was in response
to notes from the jury requesting that certain wit-
nesses be questioned regarding these issues. Some of
this questioning occurred after the court indicated to
the parties that the evidence did not support a "no
duty to retreat" instruction but that it would reserve
its ruling with regard to that issue until after defend-
ant finished presenting his case. Accordingly, the
questions regarding whether defendant lived at the
house and stored a gun there were relevant to issues
in dispute and were intended to clarify those issues.
There is no indication that the court's questions were
intimidating or argumentative or that the court

---

[1] It may be presumed that most testimony at trial tends to favor or dis-
favor one side or the other.

assumed the prosecutor's role in its questioning. While the answers to these questions may have contradicted defendant's claims, the questions themselves did not unjustifiably arouse jury suspicions regarding a witness' credibility. Nor is there any indication that the questions demonstrated prejudice, unfairness, or partiality on the court's part that might have influenced the jury. Further, the court specifically instructed the jury that its questions were not evidence. Under these circumstances, we find that the court's questioning of the witnesses was appropriate. The court's questions assisted the factfinder in getting to the truth about relevant issues. As long as the questions would be appropriate if asked by either party and, further, do not give the appearance of partiality, we believe that a trial court is free to ask questions of witnesses that assist in the search for truth. Here, the court's questions were relevant and appropriate and did not abandon its mantle of impartiality. Accordingly, the court's questioning did not depr ive defendant of a fair trial.

Defendant next argues that the trial court improperly reserved ruling regarding defendant's motion for a directed verdict with respect to the charges involving Woods and that it erred in denying the motion.

Contrary to defendant's contention, the trial court did not reserve ruling with regard to defendant's motion for a directed verdict. Rather, the court denied the motion without prejudice to the defendant's ability to raise it again before jury deliberations.

To review a trial court's ruling with regard to a motion for a directed verdict, this Court considers the evidence presented in the light most favorable to the prosecution to determine whether a rational

factfinder could find that the essential elements of the charged crimes were proved beyond a reasonable doubt. *People v Warren (After Remand)*, 200 Mich App 586, 588; 504 NW2d 907 (1993).

With respect to Casey, defendant was charged with assault with intent to commit murder, MCL 750.83; MSA 28.278, and felony-firearm. The elements of assault with intent to commit murder are "(1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder." *Id.* "The intent to kill may be proven by inference from any facts in evidence." *Id.* The elements of felony-firearm are that the defendant possessed a firearm during the commission or attempt to commit a felony. *People v Passeno*, 195 Mich App 91, 97; 489 NW2d 152 (1992). Casey testified that defendant pointed a pistol at him, warned him not to come any closer or he would kill him, and pulled the trigger several times (but no bullets fired). This testimony was sufficient for a reasonable factfinder to find all the elements of assault with intent to commit murder and felony-firearm established beyond a reasonable doubt.

With respect to Woods, defendant was charged with felonious assault and felony-firearm. The elements of felonious assault are "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Malkowski*, 198 Mich App 610, 614; 499 NW2d 450 (1993). Woods testified that defendant was angry and that they got into a "tussle." She admitted that at the preliminary examination, she had testified that defendant had a gun. At trial, she testified that she felt defendant put something against her back that she thought was a gun,

but explained that she had not actually seen a gun. Casey testified that he heard a commotion, ran downstairs, and saw defendant pointing a gun toward Woods. Woods' testimony, in combination with Casey's testimony, was sufficient to establish all the elements of felonious assault and felony-firearm beyond a reasonable doubt.

Defendant next argues that the trial court erred in failing to instruct the jury that defendant had no duty to retreat in his own home. He contends that he presented sufficient evidence that he lived at the house where the assaults occurred to justify an instruction to this effect being presented to the jury.

In *People v Daniel*, 207 Mich App 47, 53; 523 NW2d 830 (1994), this Court discussed jury instructions:

> This Court reviews jury instructions in their entirety to determine if there is error requiring reversal. The instructions must include all elements of the charged offense and must not exclude material issues, defenses, and theories, if there is evidence to support them. Even if the instructions are imperfect, there is no error if they fairly presented the issues to be tried and sufficiently protected the defendant's rights. [Citations omitted.]

In *People v Fisher*, 166 Mich App 699, 712; 420 NW2d 858 (1988), rev'd after second remand on different grounds 442 Mich 560; 503 NW2d 50 (1993), this Court stated, "[t]he determinative factor in cases involving the 'no retreat' rule is not property ownership, but rather the location where a person resides."

Here, the trial court instructed the jury in accordance with CJI2d 7.15, the general self-defense instruction, and CJI2d 7.20, the self-defense burden of proof instruction. But it refused defendant's request to give CJI2d 7.17, the self-defense instruction that

there is no duty to retreat while in one's own dwelling. The court refused to give this instruction on the basis that there was no evidence indicating that defendant resided in the house in any meaningful way at the time of the assaults. We agree. Defendant's own testimony indicated that he did not regularly reside there at the time of the assaults (e.g., he did not regularly sleep there). At most, defendant's testimony indicated that he had previously resided there, continued to have a key to the residence, used it as a mailing address, and occasionally slept there on a couch. Accordingly, we find no err or in the trial court's determination that the evidence did not support a "no duty to retreat" instruction. Further, any error in failing to give this instruction was harmless here because defendant's rights were adequately protected by the self-defense instruction given by the trial court. See *People v Curry*, 175 Mich App 33, 40-41; 437 NW2d 310 (1989).

Defendant next contends that the trial court erroneously prevented his advisory counsel from assisting him and making assertions on his behalf such that he was denied effective assistance of counsel. He claims that he waived his right to counsel with the understanding that he would have advisory counsel to assist him. Defendant did not adequately preserve this issue for appellate review because he neither raised any objection during trial that the court was preventing his advisory counsel from assisting him nor provided a transcript indicating that he decided to represent himself with the assurance that he would also have the assistance of advisory counsel. In *People v Dennany*, 445 Mich 412, 442-443; 519 NW2d 128 (1994), the Supreme Court stated that there is no

absolute entitlement to standby counsel in Const 1963, art 1, 13 (relating to the right to counsel). It concluded that "a defendant has a constitutional entitlement to represent himself or to be represented by counsel—but not both. . . . [A]rt 1, 13 permits the use of standby counsel as a matter of grace, but not as a matter of right." *Id.*[2] Here, defendant was allowed to represent himself as he requested. The trial court allowed him to consult with advisory counsel on numerous occasions and allowed the advisory counsel to argue on the defendant's behalf regarding jury instructions. We find no error in the trial court's limitations on the involvement of the advisory counsel in the pro ceedings in the context of defendant's choice to represent himself.

Finally, defendant claims that the trial court abused its discretion in refusing the jury's request to review statements made by Casey at defendant's preliminary examination that had been read into the record during trial. In response to a deliberating jury's request to have testimony reread, the rereading and extent of rereading are within the trial court's discretion. *People v Howe*, 392 Mich 670, 675; 221 NW2d 350 (1974). This Court reviews decisions regarding the rereading of testimony for an abuse of discretion.

---

[2] The principal opinion in *Dennany* was written by Justice GRIFFIN and joined by Justices BRICKLEY and MALLETT. A separate opinion written by Justice BOYLE and joined by Justice RILEY concurs in part and dissents in part. *Id.* at 458. This opinion does not appear to take issue with the proposition for which *Dennany* is cited here. Another separate opinion, concurring in part and dissenting in part, was written by Chief Justice CAVANAGH and joined by Justice LEVIN. This opinion asserts that it was unnecessary for the principal opinion to address the issue whether the Michigan Constitution provides a right to standby counsel. *Id.* at 450.

A trial court is not to provide the jury with unadmitted evidence. *People v Williams*, 179 Mich App 15, 22-23; 445 NW2d 170 (1989), rev'd on other grounds 434 Mich 894 (1990). Here, the jury, while deliberating, asked to see the transcript of Casey's testimony at defendant's preliminary examination. The court explained that the entire transcript of Casey's testimony at the preliminary examination had not been admitted into evidence and that Casey had only been cross-examined with reference to portions of his preliminary examination testimony. The court instructed the jury to rely on its memory "at this time." We note that the trial court did not foreclose the possibility of having Casey's trial testimony reread at a later juncture. Because the jury requested a transcript that had not been admitted into evidence, the trial court did not abuse its discretion in refusing to provide it to the jury.

For these reasons, we affirm the judgment of sentence.

Affirmed.