# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

THEOLA LOUISE GARNES,

Defendant-Appellant.

FOR PUBLICATION
July 19, 2016
9:10 a.m.

No. 324035
Oakland Circuit Court
LC No. 2013-247944-FH

Before: RONAYNE KRAUSE, P.J., and SAWYER and STEPHENS, JJ.

RONAYNE KRAUSE, P.J.

Defendant was convicted by a jury of unlawful imprisonment, MCL 750.349b, and assault with a deadly weapon (felonious assault), MCL 750.82. The trial court sentenced defendant to concurrent prison terms of 43 months to 15 years for unlawful imprisonment, and 32 months to 4 years for felonious assault. Defendant raises no argument on appeal challenging her convictions, but she argues that the trial court improperly scored her sentencing guidelines variables and therefore imposed an improper sentence. We are constrained to agree in part, and we remand for resentencing.[1]

The crimes at issue in this matter involve defendant, defendant's three daughters (codefendants Kelli Hyde and Tamara Stephens, who appeal separately, and Anika Garnes, who pleaded guilty and whose application for leave was previously denied), and their apparent belief that the victim stole two rings from Hyde. The victim visited defendant's house, where Hyde was also living, to visit Anika. The victim was taken to a bedroom and asked about the rings. The victim testified that when she denied taking the rings, Hyde began to beat her with her fists while Stephens repeatedly struck her with a bat. The victim testified that Stephens also sodomized her with the bat. The victim testified that while Stephens and Hyde were assaulting her, defendant was in the room "smoking cigarettes, orchestrating the whole thing." Asked to explain what she meant by "orchestrating," the victim explained, "[defendant] was telling Tamara and Kelli what to do. 'Get—take those—get—make sure you take those shoes off. Get them toes. Get them knees so she can't run.'" The victim testified that Hyde and Stephens obeyed defendant. A police officer who interviewed defendant the day after the incident testified

---

[1] This appeal is submitted with the appeals in Docket Nos. 324802 and 324804.

-1-

that defendant admitted she "sat back on the bed and essentially watched . . . and gave instruction."

After the assault, the victim was escorted to a SUV and driven from the home. The victim testified that defendant was giving the driver directions on where to go. The officer who interviewed defendant the day after the incident testified that defendant indicated it was her idea to put the victim in the car because, in the officer's words, defendant "wanted to teach her a lesson." The victim reported that defendant said at one point, "'We should leave her butt naked, saying pussy for sale.'" The victim's cellphone, voter registration card, and Social Security card were taken from her, and she was left in a sparsely populated street in East Detroit. She went to the first house she saw, where the owner allowed her to use a phone to summon assistance to take her to a hospital, where her injuries were documented and treated.

Defendant contends that the trial court improperly based her sentence on sentencing guidelines scored "using facts beyond those found by the jury or admitted by the defendant," which "change[d] the applicable guidelines minimum sentence range." *People v Lockridge*, 498 Mich 358, 399; 870 NW2d 502 (2015). We agree.

Defendant specifically objects to the scoring of Offense Variables (OV) 3, 4, 7, and 8. To summarize, OV 3 was scored at 10 points, requiring that "[b]odily injury requiring medical treatment occurred to a victim." MCL 777.33(1)(d). OV 4 was scored at 10 points, requiring that "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). OV 7 was scored at 50 points, requiring that "[a] victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." MCL 777.37(1)(a).[2] OV 8 was scored at 15 points, requiring that "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." MCL 777.38(1)(a).

We note that there is ample record evidence to support these scores. However, pursuant to *Lockridge*, the sentencing guidelines are no longer mandatory to the extent they are "scored on the basis of facts beyond those admitted by the defendant or found by the jury beyond a reasonable doubt." *Lockridge*, 498 Mich at 364. A departure from the guidelines now needs only to be "reasonable," *id.* at 392, and "trial courts must assess the 'highest number of points possible' to each variable, 'whether using judge-found facts or not.'" *People v Stokes*, 312 Mich App 181, 196; 877 NW2d 752 (2015), quoting *Lockridge*, 498 Mich 392 and n 8. However, because the sentence at issue here was imposed prior to *Lockridge*, it was imposed as a mandatory sentence rather than a departure. We do not entirely understand how this new scheme is either more comprehensible or better able to protect defendants from possible judicial capriciousness, but nevertheless, we must evaluate whether defendant's OV scores can be upheld *strictly* by facts necessarily found by the jury or admitted by defendant.

---

[2] MCL 777.37 was amended subsequent to defendant's sentencing; we refer to the language in place at the time.

We are therefore constrained to find that defendant's OV scores were unsupported. The guidelines were scored for defendant's unlawful imprisonment conviction. A conviction for felonious assault does not require an actual injury. See *People v Davis*, 216 Mich App 47, 53-54; 549 NW2d 1 (1996). Indeed, neither physical nor psychological injury is an element of either of defendant's convicted offenses. Neither is any particular level of brutality or any asportation or captivity "beyond the time necessary to commit the offense." Consequently, we agree with defendant that none of the facts upon which these OVs could have been scored were *necessarily* found by the jury.

Whether any necessary facts were "admitted by the defendant" is a less obvious question. *Lockridge* did not define that phrase. Defendant did not testify, but of course, there are a variety of evidentiary rules under which a statement she might have made outside the courtroom could nonetheless be admitted into evidence. We conclude, however, that a fact is not "admitted by the defendant" merely because it is contained in a statement that is admitted. We note that, significantly, in the leading case relied upon by our Supreme Court, the United States Supreme Court found that a statement made by the defendant outside the courtroom could not be used to affect the defendant's sentencing despite the trial judge finding a police officer's testimony about that statement credible and admissible. *Apprendi v New Jersey*, 530 US 466, 469-471; 120 S Ct 2348; 147 L Ed 2d 435 (2000). The Court contrasted that situation with another case in which a defendant admitted something at a guilty plea hearing. *Id*. at 487-489. Also in contrast, this Court has concluded that a defendant had "admitted" to prior crimes by previously pleading guilty to them and then stipulating to those convictions within the case culminating in his sentence. *People v Jackson (On Recon)*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 322350, slip op at 11-13).

We hold that "admitted by the defendant" under *Lockridge* means *formally* admitted by the defendant *to the court*, in a plea or in testimony or by stipulation or by some similar or analogous route. Defendant did not make any such formal admissions here. Consequently, the above OVs were impermissibly scored, so we are required to remand for possible resentencing pursuant to *United States v Crosby*, 397 F3d 103 (CA 2, 2005), as described in *Lockridge*. See *Stokes*, 312 Mich App at 197-203.

Remanded for possible resentencing pursuant to the *Crosby* procedure. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Cynthia Diane Stephens

-3-