# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
March 28, 2017

v

No. 329218
Oakland Circuit Court
LC No. 2015-253237-FH

ANDREW CLAYTON SARNECKI,

Defendant-Appellant.

Before: M. J. KELLY, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

A jury convicted defendant of one count each of domestic assault, MCL 750.81(2), assault with a dangerous weapon (felonious assault), MCL 750.82, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was acquitted of three other charges. The trial court sentenced defendant to five years' probation for the felonious assault conviction, 93 days' incarceration for the domestic assault conviction, and to a two-year term of imprisonment for the felony-firearm conviction. Defendant appeals as of right. Concluding that no errors were committed that require reversal, we affirm.

The following discussion of the allegations that gave rise to each of the six counts upon which defendant was charged is based on the prosecutor's elaboration at trial in explaining and identifying the nature of the counts to the jury. Count 1 of the information charging the offense of felonious assault pertained to defendant allegedly chasing and threatening his second wife (hereafter "wife") with a gun. The jury found defendant guilty of this count. Count 2 alleged the crime of felony-firearm, with the predicate felony being the felonious assault charged in count 1. The jury convicted defendant of the felony-firearm charge. Count 3 concerned a second charge of felonious assault, which was based on the accusation that defendant assaulted his wife with 2x4 boards. The jury acquitted defendant of this count. Count 4 of the information alleged that defendant interfered with an electronic communications device (wife's cell phone), MCL 750.540, and the jury acquitted defendant of this charge. Count 5 charged that defendant committed the offense of domestic assault, which assertion was premised on defendant allegedly throwing boxes of vitamins at his wife. The jury acquitted defendant of this count. Finally, count 6 alleged that defendant perpetrated a second act of domestic assault, with the prosecutor contending that this assault occurred when defendant pushed, grabbed, pulled, and threw his wife during a tussle in their bedroom and just outside the room. Defendant was convicted of this

-1-

charge. All six counts arose out of a series of events that transpired during the evening of October 28, 2014, at the family home.

Defendant first argues on appeal that the trial court erred by allowing the prosecutor to introduce evidence of a prior act of domestic violence pursuant to MCL 768.27b. We review for an abuse of discretion a trial court's decision to admit evidence. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). "When the decision regarding the admission of evidence involves a preliminary question of law, such as whether a statute or rule of evidence precludes admissibility of the evidence, the issue is reviewed de novo." *People v Washington*, 468 Mich 667, 670-671; 664 NW2d 203 (2003).

When defendant was on the stand, he testified as follows during cross-examination, "I am not a violent man. I believe very strongly in my faith and the Lord Jesus Christ and I have had that faith since my son . . . was born." At that juncture, the prosecutor attempted to begin questioning defendant about an incident of domestic assault allegedly committed by him against his first wife. Defense counsel immediately objected, the prosecutor expressed that she had served the requisite notice under MCL 768.27b for purposes of admitting the other-acts evidence, and the trial court overruled the objection, indicating that "the witness ha[d] opened the door in his testimony." The prosecutor then commenced questioning defendant by referencing information from a police report concerning the prior assault and asking defendant about the accuracy of the information that had been provided to police. Defendant denied the claims by his first wife as set forth in the police report and uttered by the prosecutor in cross examining defendant. Defendant acknowledged that he had been charged with domestic assault relative to his first wife; however, he further testified that the charge was dismissed and that he was not convicted of any crime. The prosecution did not call defendant's first wife to testify, nor did the prosecution introduce *into evidence* any testimony or documentation showing that the alleged prior act of domestic violence had been committed.

Defendant's appellate argument is couched in terms of a failure to satisfy MCL 768.27b, which concerns the admission of other acts of domestic violence and incorporates by reference MRE 403.[1] The problematic aspect of defendant's argument is that there was no "evidence" admitted at the trial showing that defendant assaulted his first wife or showing the nature of any assault. Rather, it was the prosecutor's questions during the cross-examination of defendant that revealed to the jurors the allegations made by defendant's first wife, at least to the extent that the police report accurately characterized her statements to the police. However, questions by the attorneys are not evidence. *People v Bahoda*, 448 Mich 261, 281; 531 NW2d 659 (1995); M Crim JI 2.7 ("The questions the lawyers ask the witnesses are not evidence."). The only

---

[1] MRE 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

evidence on the subject of the alleged other act was defendant's testimony denying any assault against his first wife. Therefore, MCL 768.27b, in our view, was not implicated.[2] Rather, MRE 404(a) and MRE 405(a) govern in this case. Generally, "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion[.]" MRE 404(a). One exception to this rule relates to "[e]vidence of a pertinent trait of character offered by an accused[.]" MRE 404(a)(1). Although defendant was being cross examined at the time and the prosecutor had just sarcastically indicated that defendant must not be a violent man after defendant asserted that he had apologized to his wife "a hundred times" for swearing at her, but not for assaulting her, defendant adamantly offered that he was not a violent man and supplemented that statement with a claim that he was a man of faith. The clear import of defendant's testimony was that because he was nonviolent and had strong religious convictions, he would and could not have physically assaulted his wife. This testimony was clearly admissible under MRE 404(a)(1). In turn, MRE 405(a) provides:

> In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. *On cross-examination, inquiry is allowable into reports of relevant specific instances of conduct*. [Emphasis added.]

As astutely recognized by the trial court, defendant "opened the door" to cross-examination regarding the alleged domestic assault against his first wife. Under MRE 405(a), the prosecutor was permitted to make inquiry into the police report that referenced a specific instance of conduct that undermined defendant's testimonial opinion that he was a nonviolent and religious man, which testimony suggested that he would never have assaulted his wife. The trial court did not err in allowing the prosecutor to cross-examine defendant concerning the police report relative to the alleged assault against his first wife.[3] Moreover, assuming error,

---

[2] MCL 768.27b(1) provides that "in a criminal action in which the defendant is accused of an offense involving domestic violence, *evidence* of the defendant's commission of other acts of domestic violence *is admissible* for any purpose for which it is relevant . . . ." (Emphasis added.)

[3] We note that absent the first wife's direct testimony about the prior domestic assault, there would have existed a hearsay problem in actually admitting evidence of her statements to police or to anyone else for that matter. In *People v Meissner*, 294 Mich App 438, 445; 812 NW2d 37 (2011), this Court recognized that "[i]n MCL 768.27c, the Legislature determined that under certain circumstances, statements made to law enforcement officers are admissible in domestic violence cases[,] [with] [t]he statute allow[ing] trial courts to admit hearsay statements into evidence if all the . . . [statutory] conditions apply." One of those conditions precludes the admissibility of "[e]vidence of a statement made more than 5 years before the filing of the current action or proceeding[.]" MCL 768.27c(1)(c). The prior act and the first wife's statements to the police occurred more than 5 years before the current charges against defendant were brought. We appreciate defendant's contention that the prosecutor " 'back door[ed]' . . . to the jury the contents of the 9 year old police report[.]" However, the prosecutor's questioning was permissible under MRE 404(a) and MRE 405(a).

we cannot conclude that the error was prejudicial. MCL 769.26; *Lukity*, 460 Mich at 495. The jury acquitted defendant of three charges, including felonious and domestic assault, evidently finding him somewhat credible while questioning his wife's credibility to a degree. Although the jury did find that defendant assaulted his wife with a gun and otherwise assaulted his wife relative to the incident in and near their bedroom, the fact remains that the jurors acquitted him of other charges, thereby strongly suggesting that the prior act of domestic violence did not serve as a basis to convict defendant or was otherwise held against him. Had that been the case, convictions on each count would likely have resulted. Rather, the jurors plainly made their findings on contemplation of the evidence surrounding each of the charged offenses and associated credibility assessments. Reversal is unwarranted.

Defendant next raises a claim of ineffective assistance of counsel. Whether counsel was ineffective presents a mixed question of fact and constitutional law, which we review, respectively, for clear error and de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). In *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001), our Supreme Court, addressing the basic principles governing a claim of ineffective assistance of counsel, observed:

> To justify reversal under either the federal or state constitutions, a convicted defendant must satisfy the two-part test articulated by the United States Supreme Court in *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). See *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not performing as the 'counsel' guaranteed by the Sixth Amendment." *Strickland, supra* at 687. In so doing, the defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. *Id.* at 690. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. To demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim. See *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

An attorney's performance is deficient if the representation falls below an objective standard of reasonableness. *People v Toma*, 462 Mich 281, 302; 613 NW2d 694 (2000).

Defendant initially argues that defense counsel was ineffective for failing to call his first wife as a witness, as well as the father of his wife's oldest child. "Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy, and this Court will not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). We cannot insulate, however, the review of counsel's performance by simply calling it trial strategy. *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). Initially, this Court must determine

whether strategic choices were made after less than complete investigation, with any choice being reasonable only to the extent that reasonable professional judgment supported the limitations on investigation. *Id.*

With respect to defendant's first wife, defendant has submitted her unsigned affidavit in support, which affidavit presents a glowing portrayal of defendant and attests to his good character. However, in regard to the prior assault, she simply averred that there had been "an incident" between them and that she could "hardly remember the details," tending to lay blame for the incident on her adulterous conduct. The affidavit did not deny the prior assault, and the prosecution, likely making use of the police report, would clearly have engaged in an aggressive cross-examination of defendant's first wife concerning the assault had she testified, thereby placing the prior assault even more prominently and vividly in front of the jury than the questions posed to defendant by the prosecutor and challenged in the first issue. Therefore, assuming that it is even proper to consider the unsigned affidavit, we cannot conclude that defense counsel's performance fell below an objective standard of reasonableness when he failed to call defendant's first wife to the stand.

With respect to the father of defendant's wife's oldest child, defendant claims that this individual would have testified that defendant's wife had falsely accused him of first-degree criminal sexual conduct (CSC I) and aggravated assault years earlier. Defendant claims that this man's affidavit is attached to defendant's appellate brief, but we cannot locate the purported affidavit. Moreover, there is no supporting affidavit in the lower court record, and it is improper to attempt to enlarge the existing record by attaching affidavits to an appellate brief. MCR 7.210(A)(1); *People v Williams*, 241 Mich App 519, 524 n 1; 616 NW2d 710 (2000). Therefore, the factual predicate for this claim has not been established. Further, defendant has not provided a legal analysis showing that the testimony would have been admissible. See MRE 608(b) ("Specific instances of the conduct of a witness, for the purpose of attacking . . . the witness' credibility, other than conviction of a crime as provided in Rule 609, may not be proved by extrinsic evidence."). And counsel need not advance meritless or futile positions. *People v Ericksen*, 288 Mich App 192, 205; 793 NW2d 120 (2010). Additionally, defendant indicates that the individual ended up accepting a plea offer to domestic violence, thereby reflecting some level of wrongdoing on his part, which would have provided fodder for the prosecutor to use on cross-examination. And the plea deal, in and of itself, did not mean that defendant's wife had made a false claim of CSC I and aggravated assault. A trial within a trial would not have been proper. See *People v Williams*, 191 Mich App 269, 274; 477 NW2d 877 (1991) ("defendant was not entitled to have the court conduct a trial within the trial to determine whether there was a prior accusation and whether that prior accusation was true or false"). In sum, defendant has not established deficient performance or prejudice.[4]     Next, defendant suggests, in cursory fashion,

---

[4] We reject defendant's alternative argument that the testimony that would have been supplied by defendant's wife and the father of her oldest child constituted newly discovered evidence; the witnesses were known to the defense and the nature of their proposed testimony could have been discovered through the exercise of reasonable diligence. *People v Rao*, 491 Mich 271, 279; 815 NW2d 105 (2012).

that counsel should have elicited testimony from defendant in regard to a divorce settlement between him and his wife, which defendant characterizes as being completely unfavorable to him, and which was effectively extorted by his wife through her filing of the criminal charges in this case. First, defendant does not cite any supporting evidence for this proposition and has not established the factual predicate for the argument. Second, defendant has not shown, through citation of the rules of evidence or any type of legal analysis, that this evidence would have even been admissible. Defendant has not met his burden of establishing deficient performance or prejudice.

Next, in a single sentence, defendant contends that counsel failed to effectively cross-examine defendant's wife and her sister as to his wife's "serious mental health issues." Defendant fails entirely to establish the factual predicate for this claim, i.e., that his wife had serious mental health issues. We also note that defense counsel presented a parade of witnesses that testified in a manner that called into question the credibility of defendant's wife, and counsel did succeed in procuring acquittals on three charges. Again, defendant has failed to show deficient performance or prejudice.

Finally, in regard to the claim of ineffective assistance, defendant, in another very cursory argument, maintains that counsel should have requested a continuance, so as to give him more time to prepare. The argument is not adequately developed by recitation of supporting authorities and the setting forth of a legal analysis, see *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998), it is not supported by evidence in the record, and the factual predicate has not been established. There is nothing in the record suggesting that defense counsel was unprepared to proceed with the trial. Defendant has failed to show deficient performance or prejudice.

Defendant next argues that the prosecutor engaged in multiple instances of misconduct. Because defendant did not object to any of the alleged instances of prosecutorial misconduct, our review is for plain error affecting substantial rights. *People v Unger*, 278 Mich App 210, 234-235; 749 NW2d 272 (2008). In *People v Dobek*, 274 Mich App 58, 63-64; 732 NW2d 546 (2007), this Court observed:

> Given that a prosecutor's role and responsibility is to seek justice and not merely convict, the test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial. A defendant's opportunity for a fair trial can be jeopardized when the prosecutor interjects issues broader than the defendant's guilt or innocence. Issues of prosecutorial misconduct are decided case by case, and this Court must examine the entire record and evaluate a prosecutor's remarks in context. The propriety of a prosecutor's remarks depends on all the facts of the case. A prosecutor's comments are to be evaluated in light of defense arguments and the relationship the comments bear to the evidence admitted at trial. Otherwise improper prosecutorial conduct or remarks might not require reversal if they address issues raised by defense counsel. [Citations and quotation marks omitted.]

Defendant first argues that the prosecutor committed misconduct by not calling defendant's first wife to the stand so as to allow the jury to assess her credibility relative to the police report that the prosecutor utilized in cross examining defendant, instead presenting the information to the jury through the "back door." As discussed earlier, there was no error in the prosecutor asking defendant about information in the police report in order to challenge defendant's assertion that he was a nonviolent and religiously-devoted man. Accordingly, there was no misconduct by the prosecutor. See *People v Noble*, 238 Mich App 647, 660-661; 608 NW2d 123 (1999) (a prosecutor does not commit misconduct when introducing evidence that she legitimately believes will be admitted by the court). Further, nothing prevented defendant from calling his first wife to the stand, even though, as held earlier, counsel was not ineffective for failing to do so, given that the first wife did not deny the prior domestic assault in her unsigned affidavit.

Defendant next argues that the prosecutor cross examined two defense witnesses in a rude manner that was designed to demean their character and credibility. As to one of the witnesses, defendant relies on a purported affidavit executed by the witness, which describes aspects of his cross-examination that would not be reflected in the transcript of the proceedings, e.g., aggressive body language by the prosecutor. There is no affidavit by this individual in the lower court record, nor is the affidavit attached to defendant's appellate brief, assuming that we could even consider an attached affidavit in the first place. "In an appeal from a lower court, the record consists of the original papers filed in that court or a certified copy, the transcript of any testimony or other proceedings in the case appealed, and the exhibits introduced." MCR 7.210(A)(1). Moreover, as to both witnesses, the existing record does not reveal any questions that were unprofessional or otherwise improper. There were no instances of overtly improper conduct, either in the mode or substance of the cross-examination. The questions were properly designed to test the credibility of the witnesses' testimony, which was absolutely necessary to do in order to respond to defendant's attack on his wife's credibility through these and other witnesses. Tough and aggressive cross-examination does not constitute misconduct. There certainly was no *plain* error, let alone plain error affecting defendant's substantial rights. Reversal is unwarranted.

Finally, in the context of a sufficiency and a great-weight argument, defendant contends that the prosecutor failed to show that he actually assaulted his wife with a firearm or intended to do so.[5] Defendant's argument does not challenge the prosecutor's claim and evidence that he

---

[5] We review de novo the issue regarding whether there was sufficient evidence to sustain a conviction. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). In reviewing the sufficiency of the evidence, this Court must view the evidence – whether direct or circumstantial – in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses. *People v Wolfe*, 440 Mich 508, 514-

possessed a gun; rather, defendant maintains that the evidence did not establish that he pointed the weapon at his wife or otherwise threatened or assaulted her with the gun. Thus, according to defendant, it cannot be said that he acted with the intent to injure or place his wife in reasonable apprehension of an immediate battery.

The elements of felonious assault are: (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery. *People v Davis*, 216 Mich App 47, 53; 549 NW2d 1 (1996).

Defendant's wife testified that defendant was angry throughout the evening on the date of the offenses. When she followed defendant upstairs, she observed him open the top drawer of his dresser where he kept his gun and then she heard the clicking noise of a gun. Defendant's wife testified that she ran down the stairs, with defendant following her and screaming at her while holding a gun in his hand. She yelled to her sister that defendant had a gun and to call the police. According to defendant's wife, defendant cornered her in the laundry room. He had his finger on the gun's trigger and waved the gun around as he referred to her by "cuss names." The wife's sister heard her yell, "Call the cops, he's got a gun." While the sister agreed that defendant did not point the gun at defendant's wife, she testified that defendant was screaming at his wife about her affair, that the wife was in a corner, and that she looked scared. Defendant's wife testified to her belief and fear that defendant was going to shoot her. This was sufficient

515; 489 NW2d 748 (1992). Circumstantial evidence and the reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of a crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). The prosecution need not negate every reasonable theory of innocence, but need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). We resolve all conflicts in the evidence in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). "The test to determine whether a verdict is against the great weight of the evidence is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Musser*, 259 Mich App 215, 218-219; 673 NW2d 800 (2003) (citation omitted). Mere conflicting testimony and credibility concerns do not suffice to grant a new trial; rather, exceptional circumstances must exist, such as where directly contradictory testimony was so far impeached that it was deprived of all probative value, where witness testimony was so inherently implausible that a reasonable juror could not believe it, where testimony contradicted indisputable physical facts or defied physical realities, or where the case was marked with unacceptable uncertainties and discrepancies. *People v Lemmon*, 456 Mich 625, 643-646; 576 NW2d 129 (1998). "[A]bsent exceptional circumstances, issues of witness credibility are for the jury, and the trial court may not substitute its view of the credibility 'for the . . . jury determination thereof.' " *Id.* at 642, quoting *Sloan v Kramer-Orloff Co*, 371 Mich 403, 411; 124 NW2d 255 (1963).

evidence to establish a felonious assault and allowed for a reasonable inference that defendant intended to place his wife in reasonable apprehension of an immediate battery via the firearm. Although defendant questions the credibility of his wife's testimony, the credibility assessments were for the jury to make. Moreover, this evidence plainly did not preponderate so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand, thereby defeating defendant's great-weight argument.

Affirmed.

/s/ Michael J. Kelly
/s/ William B. Murphy
/s/ Amy Ronayne Krause