*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

EUGENE TERRANCE MCCAIN, JR.,

Defendant-Appellant.

UNPUBLISHED
May 13, 2021

No. 350124
St. Clair Circuit Court
LC No. 18-002172-FC

Before: MARKEY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (count 1, penile-vaginal penetration of a victim less than 13; count 2, fellatio with a victim less than 13; and count 3, digital-vaginal penetration of a victim less than 13), and one count of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (sexual contact with victim less than 13). The trial court sentenced defendant, as a fourth-offense habitual offender, MCL 769.12, to concurrent terms of 30 to 60 years in prison for each CSC-I conviction and a term of 10 to 15 years in prison for the CSC-II conviction. We affirm.

## I. BACKGROUND

Defendant's trial spanned four days and included testimony from multiple witnesses. The victim, DN, provided lengthy testimony regarding the sexual abuse that defendant, her biological father, had purportedly perpetrated against her several years before. According to DN, the abuse began when she was 11 years old, occurred multiple times, and took place at three different locations. Several witnesses, including DN's mother and defendant, provided testimony that contradicted some of DN's claims. Defendant denied sexually abusing DN in any way. Both the prosecutor and defense counsel used DN's and defendant's prior statements and previous testimony in an effort to attack their credibility.

Approximately an hour after the jury began deliberations, it relayed several questions to the trial court. In relevant part, the jury asked whether it could "have or see" DN's testimony from previous proceedings or if it could review her testimony from the present trial. Speaking to the

attorneys outside the presence of the jury, the trial court stated, "Well the answer is, no." The prosecutor indicated agreement with the trial court's statement, and defense counsel stated, "Correct." The trial court brought the jury out and denied its request. The trial court's explanation of its denial focused almost entirely on the jury's request for DN's testimony from previous proceedings. After providing the instruction, the trial court asked whether either party objected to its handling of the jury's questions. Defense counsel indicated that he did not have any objections. The trial court then adjourned for the day.

The trial court reconvened the next day and again discussed the jury question with counsel for both parties, indicating that it had not fully addressed the jury's question the day before. The trial court addressed the jury again, explaining that it had not adequately addressed the jury's question as it related to DN's testimony at the present trial. The trial court stated, in relevant part, as follows:

> The second part of the question relates to [DN's] testimony and it appears to me from the way the question is framed you were hoping to have something that you could take back into the jury room with you and read, which would be the sum and substance of her complete testimony from start to finish. We don't have that. So it's surprising for many to learn that even though we're recording everything stenographically here in court there's no instant transcript that is generated as a result of that. So her testimony took place on Wednesday, which was June [5, 2019,] and it was about three hours or so give or take in length and that was all recorded by [the court reporter] stenographically, but it's in secret code that nobody other than besides [sic] her understands and can read. From that it is possible to generate a transcript because that's what [c]ourt [r]eporters do, but that takes a significant amount of time and if that's something that you absolutely need to have in order to do whatever it is that you need to do to get where you need to be that is something that we can do for you, but if it's three hours[-]worth of testimony it's going to be more than three hours of time in terms of generating that record. And then the record that would be generated or the transcript is just based upon past practice is not the official final version of the transcript that we would have for, you know, other purposes. It would be sort of a rough hand quickly processed transcript that [the court reporter] would then read back to you. So we would have to come into the courtroom and read that testimony back to you. It's not anything that you would be able to take into the jury room and utilize in the comforts of the jury room and flip pages and do all of that kind of thing. And the reason is because it's put together, you know, quickly and it's not a—I, I don't want to say it's not accurate, but it's not a final version, but it's in a version where it can be read back to you accurately because she understands it. So, the point of all of that is, is that we can do all of those things for you, but it's very time consuming and you're not going to have that any time soon.
>
> So, the other thing that happens or that comes up with prior testimony is there may be a portion of that testimony that you're primarily concerned about or you need to be refreshed on and if you can pinpoint that and zero in on which part of it or whether it's the direct examination, or cross examination, or a particular subject or area of the testimony then we can try to find that on the record and then

-2-

we can do a condensed version of the full blown three hour testimony. But once again, we have to hunt for that and find it and then there's that process. It's just a more condensed process. So that's something that is possible as well.

Because those things are, are doable but difficult, it's important that you rely upon your collective memory of what occurred and talk about it. That's why there are 12 of you and not two of you and so you can rely upon each other's recollection of certain things and if you absolutely have to have that stuff we can get it for you and it's just going to take us awhile. So, I wanted you to have a full picture or understanding as to what our limitations are and that kind of goes back, if it was a video we could plug in the video and we can sit here and could play it all again for you or any portion of it, but we just don't have that capability and that's kind of the way it is. So I hope that answers the question a little bit better for you.

After giving the instruction, the trial court asked whether each party was "[a]ll right with that," and counsel for both parties indicated that they were. The jury resumed deliberations at 9:29 a.m. At 11:42 a.m., the trial court indicated that the jury had reached a verdict. The jury convicted defendant as set forth above, and this appeal followed.

## II. ANALYSIS

### A. JURY REQUEST TO REHEAR TESTIMONY

On appeal, defendant first argues that the trial court erred by denying the jury's request to review DN's trial testimony and erred by providing an accompanying instruction to the jury that foreclosed the possibility of the jury reviewing DN's testimony at a later time if necessary.

As explained above, defendant's trial counsel expressly approved the trial court's instructions to the jury regarding its ability to review DN's testimony. When a defendant's trial counsel has "expressed satisfaction with the trial court's refusal of the jury's request and its subsequent instruction to the jury," the defendant has waived appellate review of the issue. *People v Carter*, 462 Mich 206, 214; 612 NW2d 144 (2000). Waiver is the intentional relinquishment or abandonment of a known right; this is distinct from forfeiture, which is the failure to make the timely assertion of a right. *Id*. at 215. "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Id*. (cleaned up). Because defendant's trial counsel expressly approved the trial court's instructions to the jury, appellate review of this issue has been waived.

### B. INEFFECTIVE ASSISTANCE

Defendant argues, in the alternative, that he received ineffective assistance of counsel as a result of his trial counsel's failure to object to the trial court's denial of the jury's request to rehear DN's trial testimony.

To preserve a claim of ineffective assistance of counsel for appellate review, a defendant must move in the trial court for a new trial or an evidentiary hearing, *People v Head*, 323 Mich App 526, 538-539; 917 NW2d 752 (2018), or file a motion to remand in this Court, *People v*

*Abcumby-Blair*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 347369); slip op at 8. In this case, defendant did not move for a new trial or an evidentiary hearing in the trial court and did not file a motion to remand in this Court. This issue is therefore unpreserved.

"Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Smith*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 346044); slip op at 10 (cleaned up). "Findings of fact are reviewed for clear error, while constitutional determinations are reviewed de novo." *Abcumby-Blair*, ___ Mich App at ___; slip op at 8 (cleaned up). We review unpreserved claims of ineffective assistance of counsel for "mistakes that are apparent from the record." *Head*, 323 Mich App at 538-539.

A defendant claiming ineffective assistance of counsel must demonstrate: "(1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *Abcumby-Blair*, ___ Mich App at ___; slip op at 8. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018) (cleaned up). "Effective assistance of counsel is presumed, and a defendant bears a heavy burden to prove otherwise." *People v Traver*, 328 Mich App 418, 422; 937 NW2d 398 (2019) (cleaned up). "In examining whether defense counsel's performance fell below an objective standard of reasonableness, a defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy." *Id*. (cleaned up). "This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *Id*. at 422-423 (cleaned up).

In this case, defendant cannot demonstrate that his trial counsel's performance fell below an objective standard of reasonableness based on his failure to object to the trial court's denial of the jury's request to rehear DN's testimony.

Generally, "[t]his Court reviews decisions regarding the rereading of testimony for an abuse of discretion." *People v Davis*, 216 Mich App 47, 56; 549 NW2d 1 (1996) (quotation marks omitted). MCR 2.513(P) provides, in relevant part:

> If, after beginning deliberation, the jury requests a review of certain testimony . . . the court must exercise its discretion to ensure fairness and to refuse unreasonable requests, but it may not refuse a reasonable request. . . . The court may order the jury to deliberate further without the requested review, as long as the possibility of having the testimony . . . reviewed at a later time is not foreclosed.

Thus, a defendant "does not have a right to have a jury rehear testimony. Rather, the decision whether to allow the jury to rehear testimony is discretionary and rests with the trial court." *Carter*, 462 Mich at 218.[1] The trial court's denial of a jury's request to review testimony does not violate

---

[1] The Michigan Court Rule at issue in *Carter* was MCR 6.414(H). *Carter*, 462 Mich at 208, 210-211. Subsection MCR 6.414(H) was subsequently renumbered to MCR 6.414(J), though the

MCR 2.513(P) so long as the trial court does "not foreclose the possibility of the jury obtaining transcripts in the future." *People v McDonald*, 293 Mich App 292, 297; 811 NW2d 507 (2011).

The courtroom did not have video or recording capabilities; the trial court would have been required to generate a transcript of the testimony to fulfil the jury's request. The jury did not limit its request to a specific portion of DN's testimony, but asked for DN's three-hour trial testimony in its entirety. The trial court emphasized that generating the transcript necessary for the jury to review DN's trial testimony would take a significant amount of time. Considering this, the trial court did not abuse its discretion by denying the jury's request at that time and instructing them to rely on their collective memory. This is especially true in light of the fact that the jury requested to review DN's testimony less than an hour after it began deliberations.

Additionally, the trial court's instruction accompanying its denial of the jury's request did not foreclose the possibility of the jury later reviewing the testimony if necessary. Despite emphasizing the amount of time generating a transcript would take, the trial court told the jury that it could generate a transcript "if that's something that [the jury] absolutely need[ed] to have." The trial court further stated that enabling the jury to review DN's testimony was "doable." Immediately after instructing the jury to rely on its collective memory, the trial court stated that it could provide the jury with the testimony if the jury "absolutely [had] to have" it.

DN provided detailed testimony regarding the sexual abuse that defendant perpetrated against her. Although some of DN's testimony at trial may have conflicted with other witnesses' testimony or her own previous testimony, it was for the jury to assess witness credibility. *People v Baskerville*, ___ Mich App ___, ___; ___ NW2d ____ (2020) (Docket No. 345403); slip op at 3. Moreover, "[a] jury is free to believe or disbelieve, in whole or in part, any of the evidence presented," and it may "chose to believe part of a witness's testimony and disbelieve another part of the same witness's testimony." *Id*. (cleaned up). The jury rendered a verdict just over two hours after the trial court denied its request to review DN's testimony. This timeframe does not support a conclusion that the jury experienced serious confusion regarding DN's trial testimony, the resolution of which could have impacted the outcome of the trial.

Because the trial court did not abuse its discretion in denying the jury's request to rehear DN's entire testimony, did not foreclose the possibility of the jury later reviewing the testimony, and did not err in its accompanying instruction, any potential objection by defense counsel on these grounds would have been futile. "Trial counsel is not ineffective for failing to advocate a meritless position." *People v Payne*, 285 Mich App 181, 191; 774 NW2d 714 (2009).

Further, defense counsel's failure to object to the trial court's decision could have been a matter of trial strategy. DN's testimony contained many allegations of sexual abuse perpetrated against her by defendant. Defense counsel could have reasonably believed that giving the jury the opportunity to review DN's testimony could hurt defendant's case, as her testimony constituted

---

language of the subsection remained the same. This court rule was then repealed and replaced by MCR 2.513(P). MCR 6.414(J); MCR 2.513(P). The relevant language remains substantively the same.

the majority of the prosecutor's proof that the sexual assaults occurred. Thus, defendant cannot overcome the presumption that defense counsel's failure to object constituted sound trial strategy. *Traver*, 328 Mich App at 422.

Finally, defendant cannot demonstrate a reasonable probability that the outcome of the trial would have been different but for his trial counsel's failure to object. Given the nature of DN's testimony, which the jury was free to believe, reviewing that testimony could have made the jury even more sure of defendant's guilt.

Affirmed.

/s/ Jane E. Markey
/s/ Michael J. Kelly
/s/ Brock A. Swartzle