RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0078p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

OSCAR HARRIS,

*Defendant-Appellant.*

No. 16-2239

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:10-cr-20461-1—Bernard A. Friedman, District Judge.

Decided and Filed: April 4, 2017

Before: COLE, Chief Judge; SUTTON and KETHLEDGE, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Andrew N. Wise, FEDERAL DEFENDER OFFICE, Detroit, Michigan, for Appellant. Shane N. Cralle, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee.

_____

## OPINION

_____

SUTTON, Circuit Judge. A jury convicted Oscar Harris of being a felon in possession of a firearm, and the district court sentenced him to 300 months' imprisonment under the Armed Career Criminal Act's residual clause. After the Supreme Court invalidated the residual clause, Harris received a new sentence of 115 months—the top of a range set in part by the district court's determination that Harris's two prior convictions for Michigan felonious assault were crimes of violence under the Guidelines. Harris challenged that determination, and appeals it

here, on the ground that Michigan felonious assault does not categorically involve the "use, attempted use, or threatened use of physical force," as the elements clause of the Guidelines requires. U.S.S.G. § 4B1.2(a). But Michigan's felonious assault statute obliges a jury to find at least attempted or threatened offensive touching *and* use of a dangerous weapon. Because those two elements together add up to violent force, and thus to a crime of violence, we affirm.

The Guidelines raise the base offense level for firearm offenses preceded by two felony convictions for "crime[s] of violence." *Id.* § 2K2.1(a)(2). One of the definitions of crimes of violence covers "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 4B1.2(a); *see id.* § 2K2.1 cmt. n.1. This provision, often called the "elements clause," mirrors the elements clause in the Armed Career Criminal Act, and we typically interpret them the same way. *See United States v. Rede-Mendez*, 680 F.3d 552, 555 n.2 (6th Cir. 2012). Both clauses apply only to offenses that require a finding of "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

A few ground rules inform whether an offense qualifies as a crime of violence under the elements clause. When an offense of conviction does not list multiple elements in the alternative, it is not "divisible." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). And when the relevant statute is not divisible, as all agree is the case here, we apply the "categorical approach" to determine what the state offense entails. *Descamps v. United States*, 133 S. Ct. 2276, 2284 (2013). That means we look only to the offense's statutory definition along with controlling judicial interpretations of it, rather than at the facts underlying the conviction, to determine whether the offense is a crime of violence. *See Taylor v. United States*, 495 U.S. 575, 600 (1990).

In Michigan, any "person who assaults another person with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon without intending to commit murder or to inflict great bodily harm less than murder is guilty of" felonious assault, also called assault with a dangerous weapon. Mich. Comp. Laws § 750.82. That language, reframed as elements, requires "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place

the victim in reasonable apprehension of an immediate battery." *People v. Jackson*, 790 N.W.2d 340, 343 n.2 (Mich. 2010) (emphasis and quotation omitted). The assault must consist of attempted battery or "an act that would cause a reasonable person to fear or apprehend an immediate battery," and that the defendant must have intended to injure or cause fear of immediate battery. *People v. Micsak*, No. 308317, 2013 WL 275906, at *2 (Mich. Ct. App. Jan. 24, 2013). A battery, in this context, is "a forceful or violent touching," *id.*; *see People v. Datema*, 533 N.W.2d 272, 275 n.8 (Mich. 1995), which Michigan defines as "any use of physical force against another person so as to harm or embarrass" that person, *People v. Chandler*, 506 N.W.2d 882, 884 (Mich. Ct. App. 1993). And a dangerous weapon is "any object that is used in a way that is likely to cause serious physical injury or death." *People v. Davis*, No. 234898, 2002 WL 31117043, at *2 (Mich. Ct. App. Sept. 24, 2002); *see People v. Goolsby*, 279 N.W. 867, 869 (Mich. 1938).

Taken together, these elements entail "the use, attempted use, or threatened use of physical force" under the federal Sentencing Guidelines. U.S.S.G. § 4B1.2(a). We said so before the Supreme Court's 2010 *Johnson* decision. *See United States v. Mosley*, 339 F. App'x 568, 575 (6th Cir. 2009) (finding Michigan felonious assault a violent felony under ACCA); *United States v. O'Valle*, 9 F.3d 110, 110 (6th Cir. 1993) (table) (same under Guidelines). And our cases since *Johnson* show why that conclusion remains sound. When a felony must be committed with a deadly weapon and involves some degree or threat of physical force, it is a crime of violence under the elements clause. *Rede-Mendez*, 680 F.3d at 558; *see United States v. Rafidi*, 829 F.3d 437, 446 (6th Cir. 2016). Michigan felonious assault meets that threshold because there is no way to commit it without intentionally attempting or threatening physical force against another with a dangerous weapon.

Our sister circuits take the same approach. In applying *Johnson* to New Mexico aggravated assault, the Tenth Circuit held that "engaging in menacing conduct toward a victim, with a weapon capable of causing death or great bodily harm, threatens the use of 'force capable of causing physical pain or injury.'" *United States v. Ramon Silva*, 608 F.3d 663, 672 (10th Cir. 2010). The Seventh Circuit adopted the reasoning of *Ramon Silva* and applied it to Indiana aggravated battery. *See United States v. Taylor*, 630 F.3d 629, 634–35 (7th Cir. 2010). As did

the First Circuit, which held that a comparable Massachusetts assault with a dangerous weapon statute was a crime of violence because "the harm threatened by an assault is far more violent than offensive touching when committed with a weapon that is designed to produce or used in a way that is capable of producing serious bodily harm or death." *United States v. Whindleton*, 797 F.3d 105, 114 (1st Cir. 2015). We agree with all of that, and with the similar reasoning that yet more circuits used in applying the elements clause to assault-with-a-dangerous-weapon statutes before *Johnson*. *See United States v. Dominguez*, 479 F.3d 345, 348 (5th Cir. 2007); *United States v. Grajeda*, 581 F.3d 1186, 1192 (9th Cir. 2009).

In resisting this conclusion, Harris points out that someone can commit Michigan battery with offensive touching and that offensive touching does not amount to sufficient force under *Johnson*. But this argument asks us to look at just one element, the assault, to determine whether the offense includes sufficient force. The categorical approach doesn't require that *each* element of an offense involve use of force; it requires that the offense *overall* include use of violent force. Michigan felonious assault involves violent force because it proscribes not common law assault but common law assault *with a dangerous weapon*. And "if a statute ha[s] as an element some degree of, or the threat of, physical force in the more general sense, then the use of a deadly weapon may transform this more general force into the necessary 'violent force' to constitute a crime of violence within the meaning of *Johnson*." *Rafidi*, 829 F.3d at 446 (quotations omitted). That's just what we have here.

Even Harris's two case citations show that the felonious assault statute requires a dangerous weapon *and* a threatened, attempted, or successful battery. Take *People v. Davis*, 549 N.W.2d 1, 5 (Mich. Ct. App. 1996), which upheld a conviction for the "mere pressing" of a gun, as Harris puts it, to the victim's back. Appellant's Br. 11. The "mere" is easy for Harris to say, while the "pressing" of the gun against the victim's back confirms that the threat of serious injury through use of a dangerous weapon is critical to the offense. Harris's other case, *People v. Jones*, likewise confirms that "[f]elonious assault" is not just simple assault but is "defined as a simple assault aggravated by the use of a weapon." 504 N.W.2d 158, 164 (Mich. 1993).

"[O]ur focus on the minimum conduct criminalized by the state statute is not an invitation to apply 'legal imagination' to the state offense; there must be a realistic probability, not a

theoretical possibility, that the State would apply its statute to conduct that falls outside" the limitations of the elements clause. *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684–85 (2013) (quotation omitted); *United States v. Patterson*, __ F.3d __, No. 15-4112, 2017 WL 1208425, at *2 (6th Cir. Apr. 3, 2017). We see no possibility, much less a realistic probability, of Michigan convicting someone of felonious assault who had not used, attempted, or threatened "force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140. Harris indeed points to no such case. All of this means that Harris's two convictions for Michigan felonious assault amount to crimes of violence under the Guidelines and that the district court properly calculated his offense level and Guidelines range.

For these reasons, we affirm.