NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0647n.06

No. 17-1088

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 22, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| KEDRICK DESHAWN CLARK, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:    CLAY, COOK, and WHITE, Circuit Judges.

**PER CURIAM.**   Kedrick Clark pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 921(a), and 924(a)(2).  PSR at 3.  At sentencing, Clark objected to the PSR's base offense-level calculation on the ground that his prior conviction under Michigan's felonious assault statute, Mich. Comp. Laws Ann. § 750.82, was not a conviction of a "crime of violence" under USSG § 4B1.2(a)(1).  PID 235/Sentencing Hr'g. Clark also objected to the PSR's adding a criminal-history point for a marijuana-related civil infraction under Grand Rapids City Charter, tit. XVIII, § 292.  PID 235, 237-39.  The Government agreed with Clark that his admission of responsibility for a civil infraction is not a "prior sentence imposed upon an adjudication of guilt by guilty plea, trial, or plea of nolo contendere" as required by USSG § 4A1.2(a)(1) and should not be scored a criminal-history point.  PID 241-44.  The district court overruled Clark's objections and imposed a bottom-of-the-guidelines 57-month sentence.  The court stated that had it not scored the point, the Guidelines

range and sentence would have been different. PID 254. We AFFIRM the district court's base offense-level calculation, VACATE the district court's criminal-history scoring, and REMAND for resentencing.

Clark acknowledges that *United States v. Harris*, 853 F.3d 318, 321 (6th Cir. 2017), decided during the pendency of this appeal, held that Michigan felonious assault, Mich. Comp. Laws § 750.82,[1] has as an element the use, attempted use, or threatened use of physical force against another, and thus constitutes a crime of violence. Applying *Harris*, we affirm the district court's base-offense-level scoring of 20 under USSG §§ 2K2.1(a)(4)(A) and 4B1.2(a)(1).

The Government concedes error in the district court's scoring a criminal history point for the civil infraction. Given the district court's candid acknowledgment that the scoring affected the sentence, resentencing is required.

We therefore affirm the district court's base offense-level calculation under *Harris*, 853 F.3d at 321, vacate the scoring of Clark's criminal-history category, and remand for Clark to be resentenced without scoring an additional criminal-history point for the civil infraction.

---

[1] Under Michigan law, "a person who assaults another person with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon without intending to commit  murder or to inflict great bodily harm less than murder is guilty of a felony . . ." Mich. Comp. Laws Ann. § 750.82.