**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0687n.06

No. 17-1264

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Dec 13, 2017
DEBORAH S. HUNT, Clerk

UNITED STATES of AMERICA,

     Plaintiff-Appellee,

v.

JAMES MICHAEL COLE,

     Defendant-Appellant.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

BEFORE:    CLAY, GIBBONS, and COOK, Circuit Judges.

**CLAY, Circuit Judge.** Defendant James Michael Cole pleaded guilty to bank robbery by intimidation, in violation of 18 U.S.C. § 2113(a). He appeals his sentence on the grounds that violations of 18 U.S.C. § 2113(a) are not "crime[s] of violence" for purposes of the career offender Guideline sentence enhancement in U.S.S.G. § 4B1.1 and that his sentence was substantively unreasonable. For the reasons that follow, we **AFFIRM** the district court's sentence.

## BACKGROUND

On February 20, 2016, Defendant walked into a bank in Lansing, Michigan, approached a teller, and said, "This is a robbery. I want your twenties, fifties, and hundreds." (R. 40, PSR, PageID # 134.) He carried only a folder meant to make it look like he was there for regular bank business. There is no indication that he raised his voice or threatened the teller beyond asking

for the money. He stated at his change of plea hearing that he knew that bank policy was to give up the money as soon as a robbery was declared. He left the bank with approximately $1,800 and was apprehended at his home a short time later. On October 11, 2016, he pleaded guilty to federal bank robbery by intimidation, in violation of 18 U.S.C. § 2113(a), pursuant to a plea agreement.

The Presentence Investigation Report ("PSR") calculated a base offense level of 20 under the Sentencing Guidelines because Defendant had pleaded guilty to robbery. U.S.S.G. § 2B3.1(a). The offense level was increased by two because he took money from a financial institution. U.S.S.G. § 2B3.1(b)(1). The PSR recommended that Defendant be adjudged a career offender on the basis of two prior convictions for bank robbery under the same statute, thereby raising his offense level to 32. U.S.S.G. § 4B1.1(b). Finally, the PSR applied a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b), for a final offense level of 29. Defendant accrued seven criminal history points, but was given a criminal history category of VI in accordance with the finding that he was a career offender. U.S.S.G. § 4B1.1(b). The PSR thus arrived at a Guidelines range of 151–188 months.

In his sentencing memorandum, Defendant requested a downward variance from the Guidelines, arguing that his robbery was not accomplished with violent means and that he should not be found to be a career offender based on his two prior bank robbery charges. At sentencing, he again objected to the career offender designation based on his past bank robbery convictions. He argued that § 2113(a), when accomplished by intimidation, does not require "the significant, extensive force as required by the definition of forceful action as set forth in *Johnson v. United States*, 130 S. Ct. 1265 (2010)." (R. 41, Defendant's Sentencing Memorandum, PageID # 164–65.) He further argued, "In that bank robbery by intimidation may occur without the use of any

force and may occur by the implication of relatively slight force, it simply fails to be a violent felony as required by *Johnson*[.]" (*Id.*) The district court held that it was constrained by the Sixth Circuit's decision in *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016), which held that 18 U.S.C. § 2113(a) accomplished by intimidation was a crime of violence, and overruled the objection.

The district court determined that the advisory Guideline range was 151 to 188 months. Defendant did not object. Because this was Defendant's third bank robbery conviction, the district court determined that a sentence towards the upper end of the Guidelines range was necessary to "provide just punishment for the offense, promote respect for the law, reflect the seriousness of the offense, and the nature and circumstances of the offense before the Court." (R. 48, Change of Plea Trans., PageID # 214.) The court sentenced Defendant to 180 months' imprisonment. Defendant timely appealed.

## DISCUSSION

### Standard of Review

We review a criminal sentence for abuse of discretion. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (citing *Gall v. United States*, 552 U.S. 38, 40 (2007)). In doing so, we review first the procedural reasonableness and then the substantive reasonableness of the sentence according to this deferential standard. *Id.* at 578–81. We begin by "ensur[ing] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. We then review the substantive reasonableness of the

sentence, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* Substantive unreasonableness may occur when a district court "select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor." *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005). Unpreserved procedural reasonableness challenges are subject to plain error review. *United States v. Davis*, 751 F.3d 769, 773 (6th Cir. 2014). Sentences that "fall[ ] within the Guidelines range warrant[ ] a presumption of reasonableness." *United States v. Herrera-Zuniga*, 571 F.3d 568, 590 (6th Cir. 2009).

We review *de novo* a district court's determination that a prior conviction is a "crime of violence" under U.S.S.G. § 4B1.2(a). *See United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013).

## Analysis

### A. The Career Offender Guideline

Pursuant to 18 U.S.C. § 3553(a)(4), district courts must consider the Guidelines range when sentencing defendants. Properly calculating the Guidelines range requires "apply[ing] any applicable enhancements or reductions to arrive at the adjusted-offense level, and us[ing] the resulting offense level with the appropriate criminal-history category to arrive at a sentencing range." *United States v. Baker*, 559 F.3d 443, 448 (6th Cir. 2009) (quoting *United States v. Thompson*, 515 F.3d 556, 561 (6th Cir. 2008)). Whether the district court correctly did so turns on whether it properly applied the career offender enhancement to Defendant. Under the Guidelines, a defendant is subject to enhanced penalties as a career offender if: 1) he was at least 18 years old at the time of the instant offense, 2) the instant offense is a felony that is either a

crime of violence or one involving a controlled substance, and 3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a); *United States v. Montanez*, 442 F.3d 485, 488 (6th Cir. 2006).

The Guidelines define a "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that … has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a); *United States v. Harris*, 853 F.3d 318, 320 (6th Cir. 2017). This provision—often referred to as the "elements clause"—"mirrors the elements clause in the Armed Career Criminal Act, and [the court] typically interpret[s] them the same way." *Harris*, 853 F.3d at 320.

The Sixth Circuit follows a "categorical approach" to determine whether a particular offense qualifies as a crime of violence. *United States v. Verwiebe*, 874 F.3d 258, 260 (6th Cir. 2017); *cf. Taylor v. United States*, 495 U.S. 575, 598 (1990) (discussing the analogous provision under the ACCA). Under this approach, a court "focuses on the statutory definition of the offense, rather than the manner in which an offender may have violated the statute in a particular circumstance." *United States v. Rafidi*, 829 F.3d 437, 444 (6th Cir. 2016) (quoting *Denson*, 728 F.3d at 607). "If the statute requires proving that someone used, attempted, or threatened to use physical force against another, it satisfies the elements clause even if the statute does not match the elements clause word for word." *United States v. Patterson*, 853 F.3d 298, 302 (6th Cir. 2017). And in this context, physical force means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Harris*, 853 F.3d at 320 (citing *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original)).

Defendant pleaded guilty to bank robbery by intimidation, in violation of 18 U.S.C. § 2113(a), which states:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management or possession of, any bank, credit union, or any savings and loan association … Shall be fined under this title or imprisoned not more than twenty years, or both.

Defendant is very familiar with § 2113(a). Indeed, this is the third time he has been convicted for violating it. In June 1998, Defendant robbed three different banks. In July 2006, Defendant robbed yet another bank. In both of these instances, Defendant pleaded guilty and served significant sentences. The presentence report scored Defendant as a career offender under U.S.S.G. § 4B1.1(b) based on these prior offenses.

Before the district court and now here on appeal, Defendant has acknowledged that this Court has already decided, in *McBride*, that 18 U.S.C. § 2113(a) is a crime of violence, even where it is accomplished by intimidation alone. 826 F.3d at 295–96. Nonetheless, Defendant raised this objection at the lower court "to preserve the record, should *McBride* be reversed upon further review or appeal[.]" (R. 41, Defendant's Sentencing Memorandum, PageID # 164.) He argued that § 2113(a), when accomplished by intimidation, does not require "the significant, extensive force as required by the definition of forceful action as set forth in *Johnson v. United States*, 130 S. Ct. 1265 (2010)." (*Id.* at PageID # 164–65.) He further argued, "In that bank robbery by intimidation may occur without the use of any force and may occur by the implication of relatively slight force, it simply fails to be a violent felony as required by *Johnson*[.]" (*Id.*)

Defendant states that his primary objective in raising this argument here is to preserve it for further review. He also asks this Court to revisit *McBride* because "[t]his case shows that an actually non-violent offense falls within the scope of bank robbery by intimidation and therefore

the conclusion that bank robbery by intimidation is categorically a crime of violence for career offender purposes renders the statute impermissibly overbroad." (Brief for Appellant at 3–4.)

In *McBride*, this Court held that "intimidation" in § 2113(a) "means 'conduct and words … calculated to create the impression that any resistance or defiance … would be met by force.'" 826 F.3d at 296 (citing *United States v. Gilmore*, 282 F.3d 398, 402 (6th Cir. 2002)). The Court rejected McBride's argument that "daylight can be found between 'intimidation' and 'threatened use of physical force.'" *Id.* at 296. Even if Defendant made a plausible argument for why a court should find "daylight" between "intimidation" and the "threatened use of force," this Court cannot be the one to do so.[1] As Defendant evidently recognizes, "[i]t is well-established that one panel cannot overrule a pre-existing decision of another panel of this Court." *Spengler v. Worthington Cylinders*, 615 F.3d 481, 490 n.4 (6th Cir. 2010) (citing *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)).

This Court has held that district courts have "no authority to disregard the career offender guideline." *United States v. King*, 553 F. App'x 518, 520 (6th Cir. 2014). District courts do not err in designating defendants as career offenders when the § 4B1.1(a) criteria are satisfied. *United States v. Alexander*, 543 F.3d 819, 824-25 (6th Cir. 2008) (upholding career offender designation where criteria were satisfied although defendant described the predicate offenses as "minor"). This approach accords with the plain language of the Career Offender Guideline, which states, unequivocally, that a defendant is a career offender when the three criteria in § 4B1.1(a) are met. Thus, no procedural error occurred.

---

[1] Moreover, federal bank robbery also qualifies as a crime of violence because "robbery" is an enumerated offense under U.S.S.G. § 4B1.2(a)(2). The generic, contemporary meaning of "robbery," drawn from surveys of state definitions across the nation and sources such as the Model Penal Code, is "the taking of property from another person or from the immediate presence of another person by force *or* intimidation." *United States v. Lockley*, 632 F.3d 1238, 1244 (11th Cir. 2011) (quoting *United States v. Walker*, 595 F.3d 441, 446 (2d Cir. 2010)). Because federal bank robbery has a narrower set of elements, it qualifies as a crime of violence under the enumerated offenses clause.

**B. The District Court's Treatment of the § 3553(a) Factors**

As discussed above, no procedural error occurred in the district court's application of the career offender enhancement. Defendant next seems to argue that the district court erred by failing to consider the particular nature of his conduct, as required by 18 U.S.C. § 3553(a)(1), and instead "relied heavily on the factors of protection of the public and deterrence." (Brief for Appellant at 10.) But the record demonstrates that the district court carefully and appropriately considered the parties' arguments and all of the relevant § 3553(a) factors. Indeed, the Court specifically considered and rejected Defendant's arguments for a lower sentence, it addressed other mitigating issues raised by the defense with recommendations to the Bureau of Prisons, and it considered Defendant's criminal history, the need for deterrence, and the need to protect the public. Thus, Defendant has failed to show that the district court committed a procedural error.

**C. Substantive Reasonableness**

Because the district court committed no procedural error, the analysis proceeds to the heart of Defendant's claim of error: namely, that the district court imposed a sentence that was substantively unreasonable. This Court must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range," giving "due deference" to the conclusion of the district court that the "sentence imposed is warranted by the § 3553(a) factors." *Bolds*, 511 F.3d at 581 (citing *Gall*, 552 U.S. at 51). To be substantively reasonable, a sentence must be "adequate, but not 'greater than necessary' to accomplish the sentencing goals identified by Congress in 18 U.S.C. § 3553(a)." *United States v. Cochrane*, 702 F.3d 334, 345 (6th Cir. 2012) (citing *Herrera-Zuniga*, 571 F.3d at 590). Sentences may be considered substantively unreasonable when "the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, or gives an unreasonable amount of weight to any pertinent factor." *Id.* at

345 (quoting *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)). Moreover, sentences within the advisory guidelines range are presumed reasonable. *United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008). Defendant therefore bears the burden of rebutting this presumption, which is "no small burden" because the Court "will not generally 'second guess' sentences on substantive grounds when they fall in the range prescribed by the Guidelines." *United States v. Simmons*, 587 F.3d 348, 365 (6th Cir. 2009).

Defendant has not met that burden. At best, Defendant's substantive reasonableness argument can be characterized as reframing his argument that bank robbery by intimidation should not constitute a crime of violence. He argues that if, following *McBride*, his conduct and words were sufficient to constitute a threat of violence, then "the 'threat' presented by [his] conduct and words has to have been at the lowest end of the 'threat' spectrum." (Brief for Appellant at 9.) Indeed, he argues, he only "relied on the bank policy that money should be turned over without question and acted in what he believed was a non-threatening manner." (*Id.*) Thus, "any 'intimidation' felt by the teller was likely due as much to the threat of reprimand, discipline, or possibly termination by the bank for violating policy as it was to Mr. Cole's conduct and words."[2] Nonetheless, the district court correctly applied Sixth Circuit caselaw to determine the correct sentencing range and reasonably applied a sentence at the higher end of the range because Defendant's prior sentences failed to deter the same conduct. Thus, the district court did not abuse its discretion.

## CONCLUSION

For the reasons set forth above, we **AFFIRM** the sentence imposed by the district court.

---

[2] This new argument is hard to square with Defendant's repeated apologies in his sentencing memorandum for the "emotional trauma" that he "undoubtedly" caused bank employees. (R. 41, Defendant's Sentencing Memorandum, PageID # 162, 163.)