NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0346n.06

Case No. 18-3570

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| LAWRENCE WALLS, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

**FILED**
Jul 08, 2019
DEBORAH S. HUNT, Clerk

**O P I N I O N**

BEFORE: McKEAGUE, THAPAR, and MURPHY, Circuit Judges.

**McKEAGUE, Circuit Judge.** On June 13, 2017, a jury found Lawrence Walls guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). This was not Walls' first criminal conviction. Three of his prior convictions, the district court concluded, were violent felonies that made Walls an armed career criminal under the Armed Career Criminal Act ("ACCA"). That finding triggered ACCA's mandatory minimum 15-year sentence. 18 U.S.C. § 924(e). Applying that minimum, and considering all of the relevant sentencing factors, the district court sentenced Walls to 216 months' imprisonment. On appeal, Walls argues that none of his prior convictions are violent-felony ACCA predicates. Because we cannot conclude, on the record now before us, that Walls' 1993 aggravated-assault conviction is a violent-felony ACCA predicate, we **VACATE** and **REMAND** to the district court for further proceedings.

I

ACCA imposes a 15-year minimum sentence if a defendant convicted of being a felon in possession of a firearm also has at least three prior convictions for a "violent felony." 18 U.S.C. § 924(e). A violent felony, according to ACCA's "elements clause," is a felony "that has as an element the use, attempted use, or threatened use of physical force against the person of another."[1] *Id.* § 924(e)(2)(B)(i). Under ACCA, "the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

To determine whether a prior conviction satisfies the statute's elements clause, courts use what is known as the "categorical approach"—an approach that looks only to the statutory elements of the defendant's prior offense, "while ignoring the particular facts of the case." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). "The question for the sentencing court," under the categorical approach, "is whether every defendant convicted of that state or federal felony *must have* used, attempted to use, or threatened to use physical force against the person of another *in order to be convicted*," and not whether the particular defendant *in fact* used, attempted to use, or threatened physical force. *United States v. Burris*, 912 F.3d 386, 392 (6th Cir. 2019) (en banc).

Applying the categorical approach may be a fairly mundane task or an elaborate puzzle depending on the structure of the statute under review. When the statute is indivisible—that is, when it "sets out a single . . . set of elements to define a single crime"—the court's analysis is straightforward. *Mathis*, 136 S. Ct. at 2248. As long as the statute requires the use, attempted use,

---

[1] A felony may also be an ACCA predicate if it "'is burglary, arson, or extortion, or involves use of explosives' (the 'enumerated-offense clause')." *Davis v. United States*, 900 F.3d 733, 735 (6th Cir. 2018) (internal alterations omitted) (quoting 18 U.S.C. § 924(e)(2)(B)). The enumerated-offense clause is not at issue in this case.

or threatened use of physical force as defined by ACCA, a conviction under the statute qualifies as an ACCA predicate; otherwise, it does not. *Burris*, 912 F.3d at 392. But divisible statutes—or those that "list elements in the alternative, and thereby define multiple crimes"—require another analytical step. *Mathis*, 136 S. Ct. at 2249. That's because one of the statute's multiple crimes may list physical force as an element, making it an ACCA predicate, while the other may not require physical force and thus not constitute an ACCA predicate. *Burris*, 912 F.3d at 393. For divisible statutes, then, courts apply a "modified categorical approach." *Id.* That approach allows courts to examine a limited class of records, such as "the indictment, jury instructions, or plea agreement and colloquy," to determine which of the statute's alternative offenses the defendant actually committed. *Mathis*, 136 S. Ct. at 2249. (These documents are commonly called "*Shepard* documents," named after the case that authorized their use under the modified categorical approach. *See Shepard v. United States*, 544 U.S. 13, 20–21 (2005).) Then, just as it would under the categorical approach, the court answers whether every defendant convicted of the defendant's offense must have used, attempted to use, or threatened to use physical force against another to be convicted of that offense. *Burris*, 912 F.3d at 393–94.

II

We review de novo the district court's legal determination that an offense constitutes a violent felony under ACCA. *United States v. Mitchell*, 743 F.3d 1054, 1058 (6th Cir. 2014). But "[f]actual conclusions, such as determining what offense [the defendant] was convicted of in [a prior case], are reviewed under a clearly erroneous standard." *United States v. Sanders*, 470 F.3d 616, 618 (6th Cir. 2006) (citing *United States v. Graves*, 60 F.3d 1183, 1185 (6th Cir. 1995); *United States v. Beasley*, 442 F.3d 386, 394 (6th Cir. 2006)).

The district court concluded, over Walls' objections, that three prior state convictions made Walls an armed career criminal: (1) a 1993 aggravated assault conviction (Ohio Rev. Code § 2903.12); (2) a 1997 aggravated assault conviction (Ohio Rev. Code § 2903.12(A)(2)); and (3) a 2001 aggravated robbery conviction (Ohio Rev. Code § 2911.11(A)(1)). On appeal, Walls asserts that, for various reasons, none of his prior convictions satisfy ACCA's elements clause.

A

We begin with the first two convictions that the district court relied on for its armed-career-criminal finding.[2] In 1993 and 1997, Walls was convicted of aggravated assault under Ohio Rev. Code § 2903.12. In 1993, the statute provided:

> (A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
>
> (1) Cause serious physical harm to another;
>
> (2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.

Ohio Rev. Code § 2903.12 (1993). Before Walls' 1997 conviction, the statute was amended to add "or to another's unborn" in subparts (1) and (2), thereby additionally criminalizing harm done to another's unborn. Ohio Rev. Code § 2903.12(A) (1997). The statute otherwise remained the same and the amendment therefore does not affect our analysis under ACCA's elements clause.

---

[2] In his initial pre-trial motion for a determination of whether the ACCA applies to his case, Walls conceded that the 1993 and 2001 convictions qualified as violent felonies under ACCA. In his sentencing memorandum, Walls argued that none of the convictions qualified as violent felonies. The district court did not address whether Walls had waived any of the new arguments presented in his post-trial motion but instead ruled on all of them. Because Walls challenged all three of his ACCA predicates prior to sentencing, we review his challenges de novo rather than for plain error. *See United States v. Hockenberry*, 730 F.3d 645, 663 (6th Cir. 2013).

At the time the district court made its ruling, it was clear that Walls' aggravated assault convictions qualified as violent felonies under ACCA. According to then-binding caselaw, Ohio's aggravated assault statute was categorically "a 'violent felony' under [ACCA] because it 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Anderson*, 695 F.3d 390, 400 (6th Cir. 2012) (quoting 18 U.S.C. § 924(e)(2)(B)(i)). *Anderson* did not address whether the aggravated assault statute was divisible. Regardless of the statute's divisibility, it was "clear," *Anderson* said, that the "statute, which requires proof of 'serious physical harm,' or 'physical harm . . . by means of a deadly weapon or dangerous ordnance,' necessarily requires proof that the defendant used 'force capable of causing physical pain or injury.'" *Id.* (quoting Ohio Rev. Code § 2903.12(A)).

After the district court's decision in Walls' case, however, we overruled *Anderson*. *See Burris*, 912 F.3d 386. In undoing *Anderson*, *Burris* made clear that Ohio's aggravated-assault statute is divisible—that is, subsections (A)(1) and (A)(2) of the statute list two alternative aggravated assault offenses—and that only the (A)(2) offense constitutes a violent-felony ACCA predicate. *Id.* at 402–07. For ease of reference, we will call the (A)(1) version of the offense, which prohibits "caus[ing] serious physical harm to another," the "serious-harm" offense. And we will refer to the (A)(2) version of the offense, which prohibits "[c]aus[ing] or attempt[ing] to cause physical harm to another by means of a deadly weapon or dangerous ordnance," as the "deadly-weapon" offense.

*Burris* held that the (A)(1) serious-harm offense "is too broad to qualify categorically as a violent-felony predicate." 912 F.3d at 406. That's because Ohio defines the "serious physical harm" element of the offense to include "[a]ny *mental* illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment." *Id.* at 397 (emphasis added)

(quoting Ohio Rev. Code § 2901.01(A)(5)(a)). The court held that, because the serious-harm offense encompasses non-physical harm, it does not comport with ACCA's elements clause, which encompasses only physical harms. *Id.* at 402. Therefore, it is not an ACCA predicate offense. *Id.*

On the other hand, *Burris* continued, the (A)(2) deadly-weapon offense does constitute an ACCA predicate. *Burris* explained that under "what is colloquially called the 'deadly weapon rule,'" a felony that "must be committed with a deadly weapon and involves some degree or threat of physical force . . . is a crime of violence" under ACCA. *Id.* at 406 (quoting *United States v. Harris*, 853 F.3d 318, 321 (6th Cir. 2017)). That rule settled the issue—the deadly-weapon offense is a violent-felony ACCA predicate. *Id.*

All of this means that, after *Burris*, it is essential that a sentencing court "employ the modified categorial approach to determine" if a defendant was convicted of the serious-harm offense in (A)(1) or the deadly-weapon offense in (A)(2). *Id.* at 406. The district court did not make such a determination before it sentenced Walls. It can't be blamed for that, of course—the court had no reason to do so because *Anderson* was then the law of the circuit. Now that *Burris* controls, though, "the government bears the burden of proving that [Walls] was convicted of" the deadly-weapon form of aggravated assault and that the conviction thereby qualifies as a violent-felony ACCA predicate. *United States v. Bain*, 874 F.3d 1, 30 (1st Cir. 2017) (internal citations omitted); *see also Sanders*, 470 F.3d at 618.

For Walls' 1997 conviction, the government's task is easy. As Walls' plea agreement and judgment show,[3] he pleaded guilty to the deadly-weapon form of aggravated assault under Ohio

---

[3] In a sur-reply brief before the district court, the government submitted *Shepard* documents and stated that if a divisibility analysis had been required, those documents demonstrated that the 1993 and 1997 convictions were for deadly-weapon aggravated assault but the district court did not address that argument.

Rev. Code § 2903.12(A)(2). In light of *Burris*, Walls' 1997 conviction is therefore an ACCA predicate.

For Walls' 1993 conviction, the government's case is a harder one to make. The government says that Walls' indictment and plea agreement and the Ohio court's judgment prove that Walls pleaded guilty to the deadly-weapon form of aggravated assault. In reality the documents are not so clear. The indictment shows that Walls was charged with felonious assault under Ohio Rev. Code § 2903.11, a parallel provision to aggravated assault under § 2903.12.[4] The felonious assault provision contains the same alternative serious-harm and deadly-weapon offenses as the aggravated assault provision but leaves out the aggravated assault mitigating factor that the defendant committed the offense while in the heat of passion or under provocation. *Compare* Ohio Rev. Code. § 2903.11, *with id.* § 2903.12. Because the felonious assault statute is nearly identical to the aggravated assault statute, *Burris* analyzed the statutes in tandem and ruled that, for the same reasons, *both* statutes are divisible with only the deadly-weapon offense qualifying as an ACCA predicate. *Burris*, 912 F.3d at 393–406. Walls' indictment charges him with committing the deadly-weapon version of felonious assault, the ACCA-predicate version of the offense. *Id.* at 405–06.

---

[4] The full text of the felonious-assault provision states:

> (A) No person shall knowingly do either of the following:
> (1) Cause serious physical harm to another or to another's unborn;
> (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

Ohio Rev. Code § 2903.11.

But the plea agreement and judgment demonstrate that Walls eventually pleaded guilty to the separate crime of aggravated assault under § 2903.12. And neither of those *Shepard* documents specify which subsection of the aggravated assault statute formed the basis of Walls' conviction. So, even though it's clear that Walls was *charged* with a violent-felony ACCA predicate, *Burris*, 912 F.3d at 407, it's unclear whether he *pleaded* to one. *See United States v. Bernal-Aveja*, 414 F.3d 625, 627–28 (6th Cir. 2005) (stating that a charging document may fill in gaps in a plea agreement only when "the crime charged was the same crime for which the defendant was convicted" (quoting *United States v. Spell*, 44 F.3d 936, 940 (11th Cir. 1995)).

The parties had no incentive to more fully develop the record before the district court, when *Anderson* was still the law of the circuit. It therefore makes sense to allow them to do so on remand, permitting the district court to consider whether it can reasonably construe the *Shepard* documents to determine Walls' offence of conviction. *See Sanders*, 470 F.3d at 623; *United States v. Faust*, 853 F.3d 39, 50, 60 (1st Cir. 2017). But only if any of Walls' 2001 convictions also qualify as violent-felony ACCA predicates.

B

At least one of Walls' 2001 convictions constitutes an ACCA predicate. In 2001, Walls was convicted of three crimes arising from a single event: (1) aggravated robbery (Ohio Rev. Code § 2911.01(A)(1)), (2) aggravated burglary (Ohio Rev. Code § 2911.11(A)(1)), and (3) robbery (Ohio Rev. Code § 2911.02(A)(2)). Because "a defendant's prior felony convictions" under ACCA "must involve separate criminal episodes," we may count only one of Walls' 2001 convictions as an ACCA predicate. *United States v. Martin*, 526 F.3d 926, 938–39 (6th Cir. 2008) (citation omitted). The district court turned first to Walls' aggravated robbery conviction and concluded that it qualified. So we begin with that conviction as well.

Ohio's aggravated robbery statute provides, in relevant part:

(A) No person, in attempting or committing a theft offense, . . . or in fleeing immediately after the attempt or offense, shall do any of the following:

(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;

Ohio Rev. Code Ann. § 2911.01.

Does a conviction under that provision qualify as an ACCA predicate? Yes. We held that it does in *United States v. Patterson*, 853 F.3d 298 (6th Cir. 2017). In so holding, *Patterson* relied chiefly on an Ohio Supreme Court case concluding that Ohio's aggravated robbery statute punished defendants who "convey[ed] an implied threat to inflict physical harm" by "displaying, brandishing, indicating possession [of], or using [a deadly] weapon" while committing a theft offense. *Id.* at 302–03 (quoting *State v. Evans*, 122 Ohio St.3d 381, 911 N.E.2d 889, 894 (2009)). According to *Patterson*, that implied threat was "enough to show that" an "aggravated robbery conviction[] require[s] proof of 'the use, attempted use, or threatened use of physical force against the person of another,'" and therefore constitutes a violent felony under ACCA's elements clause. *Id.* at 303 (quoting 18 U.S.C. § 924(e)(2)(B)(i)).

Walls counters that Ohio's aggravated robbery statute lacks the *mens rea* necessary to qualify as a violent-felony ACCA predicate. But *Patterson* considered and rejected that very argument. *Patterson* explained that for that argument to carry the day, there must be a "realistic probability, not a theoretical possibility, that [Ohio] would apply [the aggravated robbery] statute to" accidental, rather than intentional or reckless uses of force. *Patterson*, 853 F.3d at 302 (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013)). We held that there was no realistic probability of that occurring in Ohio because "Ohio . . . interprets aggravated robbery with a deadly weapon in every case to require an 'implied threat to inflict physical harm' to the victim." *Id.* at 305

(quoting *Evans*, 911 N.E.2d at 894). Moreover, the defendant in *Patterson* could point to no Ohio case where a defendant was convicted of the aggravated robbery offense even though the defendant never actually "threaten[ed] a victim with the deadly weapon." *Id.* at 304. Without any case like that, *Patterson* concluded, there was "every reason to treat" Ohio's aggravated robbery offense "as a crime of violence" under ACCA. *Id.*

*Patterson* applies in full force to this case. Walls does not point to any Ohio cases demonstrating that Ohio has ever applied its aggravated robbery statute to defendants who use force accidentally. Instead, Walls reiterates the same arguments that the court rejected in *Patterson*. Walls thus fails to show that the district court erred in finding that his aggravated robbery conviction is an ACCA predicate.

\* \* \*

Walls certainly has two prior convictions that count as ACCA predicates. The question is whether he has the required three. We remand to the district court to answer that question.

III

Accordingly, we **VACATE** and **REMAND** this case to the district court for further proceedings consistent with this opinion.