NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0274n.06

No. 21-5416

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | FILED |
| | ) | Jul 12, 2022 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| RICKY LEE RIDDLE, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before:  KETHLEDGE, STRANCH, and NALBANDIAN, Circuit Judges.

KETHLEDGE, Circuit Judge.  Ricky Lee Riddle was sentenced as a career offender based in part on a Tennessee robbery conviction.  He now challenges that designation.  We affirm.

In 2020, Riddle pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  The probation office recommended that Riddle be designated a career offender under the Guidelines because he had two prior convictions for a felony "crime of violence."  One of those convictions was for robbery in Tennessee, in violation of Tenn. Code Ann. § 39-13-401.  *See* U.S.S.G. §§ 2K2.1, 4B1.1.  That designation would increase Riddle's base offense level from 14 to 24.  Riddle objected to the report, arguing that Tennessee robbery does not qualify as a crime of violence under the Guidelines.  The district court overruled Riddle's objection, designated him as a career offender, and sentenced him to 100 months' imprisonment.

We review the district court's designation of Riddle as a career offender de novo. *See United States v. Hill*, 982 F.3d 441, 443 (6th Cir. 2020). Riddle's argument here is that his Tennessee offense was not a crime of violence as defined by U.S.S.G. § 4B1.2(a). That definition is identical to the definition of a "violent felony" under the Armed Career Criminal Act. We therefore construe the two definitions the same way. *United States v. Harris*, 853 F.3d 318, 320 (6th Cir. 2017). And we have held that Tennessee robbery is a violent felony under the elements clause of the Armed Career Criminal Act. *See United States v. Mitchell*, 743 F.3d 1054, 1059 (6th Cir. 2014); *United States v. Randy Belcher*, No. 21-5414, slip op. at 3 (6th Cir. July 12, 2022). We therefore apply that same holding here. The district court was therefore correct to designate Riddle a career offender.

The district court's judgment is affirmed.